Defendant-appellant Roger Grewell appeals the May 26, 1998, decision of the Coshocton County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 9, 1987, the Coshocton County Grand Jury indicted appellant on four counts of rape in violation of R.C.2907.02(A)(1)(b). At his arraignment on March 12, 1987, appellant entered a plea of not guilty to the charges contained in the indictment. The Bill of Particulars, which was filed on April 13, 1987, disclosed that appellant during 1985 and 1986, had engaged in four (4) instances of sexual conduct with Kathy Jean Grewell, who was less than 13 years of age. Such conduct included fellatio, cunnilingus, anal intercourse, and insertion of his finger into her vagina. Kathy Jean Grewell, appellant's minor daughter, was approximately nine years old at the time.
Following a jury trial, appellant, on August 11, 1987, was found guilty of all four counts of rape. Thereafter, on August 31, 1987, appellant was sentenced as to count one to an indefinite prison term of eight (8) to twenty five (25) years with the eight (8) year minimum being a term of actual incarceration. As to counts two, three and four, appellant was sentenced to indefinite terms of eight (8) to twenty five (25) years on each count. All of the sentences were to be served consecutively. A Judgment Entry of sentencing was filed on August 31, 1987. Pursuant to an opinion filed on June 1, 1988, in case number 87-CA-18, this court affirmed appellant's conviction. The Supreme Court of Ohio subsequently affirmed the judgment of this court pursuant to a Judgment Entry filed on September 3, 1989.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing was held on May 26, 1998, to determine appellant's status as a sexual predator. Prior to the hearing, appellant filed a Motion to Dismiss based upon ex post facto, retroactivity, and double jeopardy grounds. Appellant also argued that R.C. 2950.09(c) was unconstitutionally vague. After denying appellant's motion, the trial court adjudicated appellant a sexual predator. The court's decision was memorialized in a Sentencing Addendum and Inmate Sentencing Attachment, both which were filed on May 27, 1998. The court in the addendum, specifically found that the victim was under 13 years of age.
It is from the court's decision adjudicating him a sexual predator that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant's first and second assignments are overruled on the authority of State v. Cook, (1998) 83 Ohio St.3d 404, State v.Nosic, (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair, (February 1, 1999), Stark App. No. 1997CA00232, unreported.
We acknowledge that the Cook case dealt with the constitutionality of R.C. 2950.09(B)(1), which specifies that that section applies to anyone sentenced after the effective date of the statute even if the offense were committed before the effective date of the statute. The case before us deals with R.C. 2950.09(C)(1), which specifies that it applies to anyone currently in prison even if the person committed a sexually oriented offense and was sentenced for it prior to the effective date of the statute. However, we find the analysis of the constitutional issues in Cook to be applicable to the case before us. Both of the code sections above deal with the application of changes in Chapter 2950 of the Revised Code to persons who have committed sexually oriented offenses prior to the effective date of those changes. The consequences of being found to be a sexual predator, whether under 2950.09(B)(1) or (C)(1), are the same in terms of registration and community notification.
 III
In his third assignment of error, appellant argues that the trial court's adjudicating him a sexual predator was against the manifest weight of the evidence.
In State v. Cook, supra, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of four counts of rape under R.C. 2907.02. R.C. 2950.01(D)(1) specifies that rape is a sexually oriented offense. In addition, R.C. 2950.09(C)(2) states, that in a hearing to determine if an offender is a sexual predator, "the courtshall consider all relevant factors, including but not limited to, all of the factors specified in division (B)(2) [of 2950.09]." (emphasis added). The factors set forth in R.C.2950.09(B)(2) are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The court shall determine an offender to be a sexual predator only if the evidence presented convinces the court by clear and convincing evidence. R.C. 2950.09(C)(1). Reliable hearsay, such as a pre-sentence investigation report, may be relied upon by the trial judge. Cook, supra, p. 425.
At the hearing, the court considered the screening instrument from the Ohio Department of Rehabilitation and Correction recommending that appellant be adjudicated a sexual predator. However, the court considered the screening instrument with some reservation because it was based on a PSI and the court was unable to conclude whether that reference was to a pre-sentence investigation (which was not presented to the court and may not have been done) or a post-sentence investigation (which was not presented to the court). In addition, the screening instrument specified there had been two victims, but only one victim had been the victim of all four rape convictions. The trial court also relied on its recollection of the evidence presented at appellant's jury trial. The record indicated that appellant had been convicted of multiple counts of rape of his nine or ten year old daughter during a period from July, 1985, through December, 1986. The prosecutor asked the judge to consider the record indicating those convictions. The prosecutor presented no other information to the court.
However, there is no indication that the trial court considered all the factors listed in R.C. Section2950.09(B)(2). The statute indicates the court shall consider all relevant factors, including, but not limited to, all the factors listed in 2950.09(B)(2). The ten factors set forth in 2950.09(B)(2) are not set forth in any written findings made by the trial court after the sexual predator hearing nor are they set forth orally by the court at the sexual predator hearing. There is also not enough factual information in the transcript from the sexual predator hearing to indicate that the trial court considered each factor in 2950.09(B)(2).
The trial court judge who presided over the sexual predator hearing is also the judge who presided over the five day trial of the appellant in 1987. This court finds that it would be appropriate for the trial court judge to consider the evidence admitted at that trial under the following conditions: (1) the court states specifically on the record what evidence was considered and (2) a record of the trial (or portions thereof) exists to verify the information used by the trial court (either as a transcript or videotape or in a form still capable of being transcribed.) This second condition is important considering the time lapse between the trial and the sexual predator hearing and considering that the offender may be represented by a different attorney at the sexual predator hearing than at the trial. Counsel for the offender should have the opportunity of verifying the information used by the court and should have the opportunity to use information from the trial also.
Accordingly, we find that the trial court did not considerall the elements set forth in R.C. 2950.09(B)(2) and we find that very little information was presented to the trial court by the prosecutor's office to allow the court to consider information in regard to all the elements.
Therefore, appellant's third assignment of error is sustained. The judgment of the Coshocton County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this opinion.
By Edwards, J. Gwin, P.J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part and reversed and remanded in part. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES